# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD M HARRIS,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-12-0674** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PENNSYLVANIA BOARD of** : | |
| **PROBATION & PAROLE,** *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I.     Introduction

This is an action brought by a *pro se* prisoner pursuant to 42 U.S.C. § 1983 in which he challenges his sentence calculation by the Pennsylvania Department of Corrections (DOC) and his receipt of a retaliatory misconduct. (Doc. 43, Second Am. Compl.) Specifically, Mr. Harris asserts that several of his Pennsylvania sentences should have been calculated by the DOC as running concurrent with, rather than consecutive to, the sentence he was serving in Virginia.

Presently before the court are three discovery related motions. The first two motions, filed by Mr. Harris, are motions to compel discovery. (Docs. 40 and 44.) The third motion, filed by defendants, is a motion for sanctions for costs related to a properly noticed deposition in which Mr. Harris refused to participate. (Doc. 56.) For the reasons set forth below, all three motions will be denied.

## II. Standard of Review

The Federal Rules of Civil Procedure enable parties to obtain information by serving request for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Fed. R. Civ. P. 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]herefore, all relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible. Rule 26(c) grants federal judges the discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Matters relating to discovery are generally left to the discretion of the trial court. *See Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987).

Fed. R. Civ. P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. *See* Fed.R.Civ.P. 33(b)(4); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D.Pa. 1996). "Mere recitation of the familiar litany

that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Id.* (*quoting Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D. Pa. 1982). Parties "seeking the protection of sensitive-but relevant-information" may argue the information sought is protected by an evidentiary privilege pursuant to Fed. R. Civ. P. 26(b)(1), or petition the court for a protective order pursuant to Fed. R. Civ. P. 26(c) to protect its disclosure. *Pearson*, 211 F.3d at 65.

To support a claim of privilege, the government must fulfill three requirements: (1) the head of the agency must personally review the material; (2) there must be a specific designation and description of the documents claimed to be privileged; and (3) there must be precise reasons for preserving the confidentiality of the documents. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *United States v. O'Neill*, 619 F.2d 222, 225-226 (3d Cir. 1980). A party seeking to obtain a protective order must demonstrate "good cause" for the order of protections. *See Smith v. Bic Corp.*, 869 F.2d 194, 199 (3d Cir. 1989); *see also* Fed. R. Civ. P. 26(c). Again, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a showing of "good cause." *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L. Ed.2d 485 (1987). In determining whether the moving party has established "good

cause" for the issuance of a protective order, federal courts have generally adopted a balancing process whereby "the requesting party's need for information [is balanced] against the injury that might result if uncontrolled disclosure is compelled." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (1994).

If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). *See* Fed. R. Civ. P. 37(a)(3)(A). Fed. R. Civ. P. 37 also authorizes a district court to sanction a party for failure to obey an order compelling disclosure, and failing to appear for his own deposition, serve answers or objections to interrogatories, or respond to a request for inspection of documents. *See* Fed. R. Civ. P. 37(b)(2), (c) and (d). Among the available sanctions is dismissal of the action against the disobedient party, *see* Fed. R. Civ. P. 37(b)(2)(v).

Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

### III. Discussion

**A. Mr. Harris' Motion to Compel (Doc. 40).**

Mr. Harris' seeks a court order to compel Defendant Lisa Moffa to supplement her response to his request for production of documents by providing

him with an unredacted copy of DOC Pub. 11.05.01, entitled "Records Office Operations." Mr. Harris avers that this document is not protected by privilege and that defendants' vague assertion of confidentiality and security concerns as the rationale for redacting the document produced is unsupported. (Doc. 41, Br. Supp. Mot. to Compel.) He asserts the document is highly relevant as to the DOC's method of calculating his parole eligibility date as this procedures manual guides DOC employees in sentencing and parole review calculations. (*Id*.) In opposing the motion to compel, defense counsel argues the document is protected by privilege and that the information he seeks is irrelevant to his claim.[1] Given the limited nature of the issue in this matter, defendants have also produced to Mr. Harris a copy of his sentencing hearing transcript which defines, at great length, the sentencing court's intention with respect to the commencement of his Pennsylvania sentences with respect to each other, as well as, his pre-existing Virginia sentence. *See* Doc. 59-2, *Transcript of Proceedings Guilty Plea & Sentencing*. The following excerpt from Mr. Harris' sentencing transcript summarizes the sentencing court's intent as to the commencement of his Pennsylvania sentences.

> Mr. NARVOL: Mr. Harris, you have just been sentenced to what I interpret as a sentence of 20 to 40 years in the state correctional institution in Pennsylvania, to begin and be computed *from your return from Virginia once you are paroled in Virginia*. Whenever Virginia paroles you, you come back to Pennsylvania.

---

[1] Defense counsel concedes that she "misunderstood the nature of the Department of Corrections' objections to producing this document to include a security concern. It does not implicate any security issues, but rather is based solely on confidentiality and privilege issues." (Doc. 58, ECF p. 3, n. 1.)

> *The day you come back from Virginia, your 20 to 40 years begin to run.*
>
> Do you understand that?
>
> THE DEFENDANT: Yes, sir.

Doc. 59-2, ECF p. 30 (emphasis added). Given the availability of Mr. Harris' sentencing transcript, as well as the detailed recitation of the sentencing judge's intent as to his service of those sentences, the court agrees that the production of the more generalized sentencing computation manual is irrelevant. Accordingly, the court will deny Mr. Harris' motion to compel the defendants to produce an unredacted copy of the DOC's Sentence Computation Procedures Manual in this matter.

### B. Mr. Harris' Motion to Compel (Doc. 44).

Mr. Harris' next motion seeks to compel the defendants to respond to October 2012 and November 2012 discovery requests properly served upon defense counsel. *See* Doc. 44. Prior to seeking the court's intervention in this matter, Mr. Harris attempted to resolve this matter by contacting defense counsel by letter. *See* Doc. 45, ECF p. 9. Defendants, sought and were granted, an enlargement of time to respond to Mr. Harris' discovery. *See* Docs. 28 and 29. Defendants were to have served Mr. Harris with responses to his discovery on or before December 21, 2012. *See* Doc. 29. In their opposition to this motion to compel, defendants argue that the motion is now moot as Mr. Harris received responses to his discovery requests on March 13, 2013. Doc. 55, Defs.' Br. in

-6-

Opp'n Pl.'s Mot. to Compel. Defendants submit a copy of their Certificate of Service of their responses to Mr. Harris' discovery as evidence of their fulfillment of their outstanding discovery obligation. *See* Doc. 55-1. No explanation is offered by defense counsel for the untimely submission of the discovery responses. Nonetheless, Mr. Harris has not supplemented his motion to suggest he has not received responses to all properly posed discovery. Thus, the court will dismiss the motion as moot.

**C.     Defendants' Motion for Sanctions (Doc. 56).**

The final discovery motion, filed by Defendants, seeks the court to impose monetary sanctions against Mr. Harris, for the sum of $182. 73, due to his failure to participate in his court sanctioned, and properly noticed, deposition. (Doc. 56.) Mr. Harris does not contest that he refused to allow defense counsel to depose him when she appeared in February 2013 for his deposition. (Doc. 67.) Rather, he suggests he was not aware that defense counsel had obtained leave of court to depose him. (*Id.*) It is not disputed that defense counsel incurred various fees associated with the deposition, including but not limited to mileage and court reporter fees. (Doc. 61.) Given the tortured history of discovery in this case, which has included Mr. Harris filing multiple motions to compel to obtain responses to his properly served discovery on defendants, and defendants' filing multiple enlargements of time to respond to Mr. Harris' discovery which defense counsel then inexplicably failed to comply with, the court will not impose monetary sanctions against Mr. Harris. However, the court advises Mr. Harris that on August 13, 2012,

defense counsel was granted leave to depose him.  *See* Doc. 17.  At this point, when defense counsel reschedules and properly serves him notice of his deposition, if Mr. Harris refuses to be deposed, the defendants would be within their rights to seek dismissal of this action as a sanction.

An appropriate Order follows.

        /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date:  October  8   , 2013**